<a>
</a>

THE THATER LAW GROUP, P.C.
M. LANI ESTEBAN-TRINIDAD
Nevada Bar No. 006967
6390 W. Cheyenne Ave., Suite A
Las Vegas, Nevada 89108
Telephone: (702) 736-5297
Facsimile: (702) 736-5299
Attorney for Plaintiffs,
MANUEL VERMA & DUANE USHIJIMA

UNITED STATES DISTRICT COURT
DISTRICT COURT OF NEVADA

MANUEL VERMA, an individual, DUANE USHIJIMA, an individual;
           Plaintiffs,
vs.

KEOLIS TRANSIT AMERICA, LLC; DOES 1 through 10 inclusive; ROES CORPORATIONS/ ENTITIES 1 through 10 inclusive; and REGIONAL TRANSPORTATION COMMISSION OF SOUTHERN NEVADA; DOES 1 through 10 inclusive; ROES CORPORATIONS/ENTITIES 1 through 10 inclusive;
           Defendants.

Case No.

**COMPLAINT**
(*Jury Trial Demanded*)

    Plaintiffs MANUEL VERMA and DUANE USHIJIMA for their causes of action against the above-named Defendants, complains and alleges as follows:

## I.
## INTRODUCTION

    This is a federal employment discrimination lawsuit. Plaintiffs collectively were discriminated against by the Defendants, on the basis of their age and skin color in violation of Title VII of the Civil Rights Act of 1964, as Amended and the Age Discrimination in Employment Act of 1967 as Amended. Plaintiffs have been subject to unfair employment practices and issued disciplinary reprimands that other co-workers who are similarly situated but not within the same protected classes of Plaintiffs were give

-1-

more leniency and fair treatment. Plaintiffs believe that Defendants wrongfully ended their employment based on pretextual reasoning while similar employees, not of Plaintiffs protected class remain with Defendant(s) after committing the same or similar offences.

## II.
## GENERAL ALLEGATIONS

1. This is an action brought pursuant to the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et seq.*, and Nevada Revised Statute §613.310 *et. seq.*

2. This is an action brought pursuant to Title VII of the Civil Rights Act of 1964, as Amended, 42 U.S.C. §2000e et. seq., and 42 USC § 1981.

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 as this matter involves a federal question.

4. Venue is proper in this District under 28 U.S.C. §1391(b)(2) because a substantial part of the events and/or omissions giving rise to the claim occurred in the District of Nevada. Venue is also proper in this District under 28 U.S.C. §1391(b)(1) because Defendant resides in the District of Nevada.

5. Plaintiff MANUEL VERMA is and was, at all times relevant herein, a male individual over forty (40) years of age residing in Nevada. Plaintiff is an "employee" under NRS §613.310 and 42 U.S.C. §2000e (f) for the purposes of this action.

6. Plaintiff DUANE USHIJIMA is and was, at all times relevant herein, a male individual, over forty years of age, residing in Nevada. Plaintiff is an "employee" under NRS §613.310 and 42 U.S.C. §2000e (f) for the purposes of this action.

7. Upon information and belief, Defendant KEOLIS TRANSIT AMERICA, LLC is and was, at all times relevant to herein, a foreign limited liability company doing business in the State of Nevada.

Defendants, and each of them, are an "employer" under NRS §613.310(2) and 42 U.S.C. §2000e(b), and for purposes of this action.

8.    Plaintiffs, and each of them, timely file this suit following receipt of Right to Sue Letter from the Equal Employment Opportunity Commission (EEOC). Plaintiff complied with all of the administrative requisites of the Nevada Equal Rights Commission (NERC) and/or the EEOC to file suit against Defendants, under NRS §613.310, *et. seq.*

9.    Upon information and belief, and at all times relevant hereto, Defendants named and/or fictitiously named, and/or other names, or each of them, were the agents, ostensible agents, servants, employees, employers, alter-egos, partners, co-owners and/or joint venture's of each other and of their co-Defendants, and were acting within the color, purpose, and scope of their employment, agency, ownership, and/or joint ventures, and by reason of such relationships, the Defendants, and each of them, are jointly and severally responsible and liable for the acts or omissions of their co-Defendants, as alleged herein.  The true names and capacities whether individual, corporate, associate or otherwise of Defendants DOES I through X, inclusive, are unknown to Plaintiff who therefore sues said Defendants by such fictitious names. Plaintiff is informed and believes and therefore, alleges that each of the Defendants designated herein as a DOE is legally responsible in some manner for the events and happenings herein referred to and legally caused injury and damages proximately thereby to Plaintiff as herein alleged.  Plaintiff is informed and believes and thereon alleges that Defendants participated in, ratified and/or condoned the acts complained of in Plaintiff's Complaint and the subject matters of this action.

…

…

…

## III.
## FACTUAL ALLEGATIONS

9. On or about December 25, 1994, Defendant Regional Transportation Commission (RTC) hired Plaintiff USHIJIMA as a Mechanic.

10. On or about July of 2013, Defendant Regional Transportation Commission (RTC) hired Plaintiff VERMA as an A/C Technician.

11. On or about June of 2013, Plaintiff VERMA began working for Defendant KEOLIS TRANSIT AMERICA, LLC.

12. From in or around July 2013 to on or about February 19, 2016, Plaintiff VERMA was harassed by co-workers and management at KEOLIS and RTC, including, but not limited to, subjecting Plaintiff VERMA offensive, derogatory and degrading comments about his dark skin color. Plaintiff VERMA informed KEOLIS and/or RTC management about this hostile work environment, but no action was taken to investigate or promptly correct these comments and harassing behaviors.

13. In or around February, 2016, Defendants suspended Plaintiff VERMA. Other similarly situated co-workers, outside of Plaintiff's protected class, having a different, whiter skin color as Caucasian employee(s), were not disciplined for the same or similar reasons.

14. Plaintiff VERMA complained to Defendants about this disparity in treatment, however, no action was taken to investigate or promptly correct this.

15. In or about May, 2015, Defendant RTC fired Plaintiff USHIJIMA.

16. On or about February 19, 2016, Defendants fired Plaintiff VERMA.

17. Upon information and belief, other similarly situated co-workers of Plaintiff VERMA, were not discharged for the same or similar reasons.

18. Upon information and belief, Defendants have retained other similarly situated co-workers of Plaintiff VERMA for alleged infractions far worse than that alleged to have been committed by Plaintiff VERMA but were not similarly disciplined and/or terminated.

19. Upon information and belief, other co-workers of Plaintiff routinely and consistently perform the same or similar actions for which Plaintiff VERMA was suspended and terminated but were not and/or are not similarly suspended, disciplined and/or terminated such that Defendants choose to selectively allege an infraction and target Plaintiff VERMA unlawfully and unfairly.

## IV.
## CAUSE OF ACTION

**NEVADA REVISED STATUTE §613.310 *et. seq.* and
AGE DISCRIMINATION IN EMPLOYMENT ACT (ADEA), 29 U.S.C. § 621 *et seq.*, and
DISCRIMINATION ON THE BASIS OF AGE**

20. Plaintiffs repeat and re-allege each and every allegation made in the paragraphs above, as though set forth fully herein.

21. Defendants took adverse employment action against Plaintiffs, including, but not limited to, suspending Plaintiff VERMA and subsequently terminating Plaintiffs VERMA and USHIJIMA's employment with Defendant for pre-textual reasons.

22. Plaintiffs and each of them were over forty (40) years of age at the time of Defendants adverse employment actions.

23. Defendants took these adverse actions against Plaintiffs, and each of them, because of their age.

24. Upon information and belief, Defendants replaced Plaintiffs, and each of them, with younger, less qualified employee(s), outside of Plaintiffs protected class.

25. By subjecting Plaintiffs to intentional age discrimination, Defendants, and each of them, violated N.R.S. §613.310 *et. seq.* and the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §621.

26. That as a direct and proximate result of Defendants' acts and conduct, Plaintiffs incurred and continues to incur, economic damages, great pain of body and mind, medical and future medical expenses, loss of earnings, loss of earning capacity, loss of enjoyment of life, and other damages, all to Plaintiffs' detriment in an amount to be determined, according to proof at time of trial.

27. As a further result of Defendants' above described actions, Plaintiffs have been required to engage the services of attorneys and is, therefore, entitled to an award of reasonable attorneys' fees, costs and interest/incurred herein.

## SECOND CAUSE OF ACTION
### TITLE VII OF THE CIVIL RIGHTS ACT EMPLOYMENT DISCRIMINATION / 42 U.S.C. §2000e *et. seq.* and pursuant to 42 USC § 1981

28. Plaintiffs repeat and re-allege each and every allegation made in the paragraphs above, as though set forth fully herein.

29. Plaintiff VERMA belongs to a racial minority, he is Pacific Islander and is dark-skinned, such that he is often mistaken for being African-American.

30. Defendants subjected Plaintiff VERMA to adverse and tangible employment actions.

31. Defendants subject Plaintiff VERMA to adverse and tangible employment actions because of the dark color of his skin.

32. Similarly situated employees, who were are lighter skinned, including white Caucasian employees, were treated more favorably and were not subjected to the adverse and tangible employment actions imposed upon Plaintiff by Defendant VERMA, to wit: other employees who committed similar and or worse alleged acts for which Defendant VERMA was suspended and ultimately terminated, were not similarly disciplined, reprimanded and/or terminated from employment, but allowed to keep their jobs.

33. By subjecting Plaintiff VERMA to discrimination based on the color of his skin, Defendants willfully and intentionally violated Title VII of the Civil Rights Act, 42 USC §2000e *et. seq.* and 42 USC § 1981.

34. That as a direct and proximate result of Defendants' acts and conduct, Plaintiff VERMA incurrs and continues to incur medical expenses, possible future medical expenses, great pain of body and mind, loss of earnings, loss of earning capacity, and loss of enjoyment of life, all to Plaintiff VERMA's damage in an amount to be determined, according to proof at time of trial.

35. As a further result of Defendants' above described actions, Plaintiff VERMA has been required to engage the services of attorneys and is, therefore, entitled to an award of reasonable attorneys' fees, costs and interest/incurred herein.

WHEREFORE, Plaintiffs, and each of them, pray for the following relief:

1. Back-pay, front pay, lost benefits, reinstatement of VERMA to union position as A/C Mechanic, statutory and other recoverable damages, and pre-judgment interest and post-judgment interest;

2. Compensatory damages, and damages for mental or emotional pain and suffering, as permitted by applicable law, according to proof, to be determined at time of trial;

3. Punitive and/or other permissible damages, according to proof to be determined at time of trial;

4. Attorney's fees, expenses and costs of suit; and

5. Such other and further relief as the Court may wish to entertain.

…
…
…
…
…
…
…

DATED this 26th day of August, 2016.

**THE THATER LAW GROUP, P.C.**

BY: _____
M. LANI ESTEBAN-TRINIDAD
Nevada Bar No. 006967
6390 W. Cheyenne Ave., Suite A
Las Vegas, Nevada 89108
Tel: (702) 736-5297
Fax: (702) 736-5299

Attorney for Plaintiffs,
MANUEL VERMA and DUANE USHIJIMA

-8-

## JURY DEMAND

Pursuant to Federal Rules of Civil Procedure 38(b), Plaintiff hereby demands a trial by jury as to all issues.

DATED this 26th day of August, 2016.

**THE THATER LAW GROUP, P.C.**

BY: _____
M. LANI ESTEBAN-TRINIDAD
Nevada Bar No. 006967
6390 W. Cheyenne Ave., Suite A
Las Vegas, Nevada 89108
Tel: (702) 736-5297
Fax: (702) 736-5299

Attorney for Plaintiffs,
MANUEL VERMA and DUANE USHIJIMA